UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| Kenneth Reiss, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| The Bureaus, Inc., | : **COMPLAINT AND DEMAND FOR JURY** |
| | : **TRIAL IN LINCOLN, NEBRASKA** |
| Defendant. | : |

For this Complaint, the Plaintiff, Kenneth Reiss, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Nebraska Consumer Protection Act, Neb.Rev.Stat. § 59-1601, *et. seq.* (the "NCPA"), and Nebraska common law by Defendant in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Kenneth Reiss ("Plaintiff"), is an adult individual residing in Crete, Nebraska, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant The Bureaus, Inc. ("Bureaus"), is an Illinois business entity with an address of 650 Dundee Road Suite 370, Northbrook, Illinois 60062, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Bureaus for collection, or Bureaus was employed by the Creditor to collect the Debt.

9. Bureaus attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Bureaus Engages in Harassment and Abusive Tactics

10. Within the last year, Bureaus began contacting Plaintiff in an attempt to collect the Debt.

11. No payments have been made towards the Debt since 2015 making the Debt past the statute of limitations.

12. On or about August 2, 2022, Bureaus wrongfully told Plaintiff if he did not pay the Debt it would be reported on his credit report and he would have bad credit.

13. Bureaus also falsely told Plaintiff that the Debt would always be on his credit report and cause problems with his credit score.

14. Such threat was confusing and misleading to Plaintiff as Bureaus should not report information about the Debt to the credit bureau that is more than seven years old.

15. Out of fear of having the Debt reported to the credit bureau and having a negative impact of Plaintiff's credit, Plaintiff agreed to enter into a payment plan and pay Bureaus $10.00 a month.

16. The initial letter Plaintiff received from Bureaus failed to disclose that the Debt was past the statute of limitations.

17. Bureaus' actions caused Plaintiff a great deal of confusion, stress and anxiety.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

19. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

**COUNT I**

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692,** *et seq.*

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

26. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT
### Neb.Rev.Stat. § 59-1601, et. seq.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant engage in trade or commerce as defined by Neb.Rev.Stat. § 59-1601(2).

30. In attempting to collect the Debt from Plaintiff, Defendant engaged in unfair and deceptive acts and practices, in violation of Neb.Rev.Stat. § 59-1602.

31. As a result of Defendant's acts, Plaintiff is entitled to actual damages and attorney's fees, pursuant to Neb.Rev.Stat. § 59-1609.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A)

   against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Actual damages pursuant to Neb.Rev.Stat. § 59-1609;

5. Costs of litigation and reasonable attorney's fees pursuant to Neb.Rev.Stat. § 59-1609;

6. Actual damages from the Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 2, 2023

                                  Respectfully submitted,

                          By: */s/ Sergei Lemberg*

                              Sergei Lemberg, Esq.
                              Lemberg Law, L.L.C.
                              43 Danbury Road, 3rd Floor
                              Wilton, CT 06897
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424
                              Attorney for Plaintiff